### NILES v. IROQUOIS REALTY CO.

(Supreme Court, Appellate Division, First Department. March 12, 1909.)

1. LANDLORD AND TENANT (§ 159*)—REMEDIES FOR FAILURE TO REPAIR—ADMISSIBILITY OF EVIDENCE.

In an action by a tenant to recover a fund deposited as security for the performance of the covenants of the lease of a hotel, where the landlord counterclaimed for breach of covenants to repair, evidence by the tenant that the landlord had made expenditures for repairs since the tenant's eviction, and that he had thereafter made large profits from the hotel, was irrelevant to the issue of whether the tenant had breached his covenant to repair, and inadmissible.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 573, 611; Dec. Dig. § 159.*]

2. DAMAGES (§ 46*)—EXPENDITURES—NECESSITY OF ACTUAL PAYMENT.

If a tenant breached his covenant to repair, the landlord's measure of damages would be the reasonable cost of making such repairs, regardless of whether he had expended money in making them.

[Ed. Note.—For other cases, see Damages, Cent. Dig. §§ 99, 251; Dec. Dig. § 46.*]

Appeal from Special Term, New York County.

Action by William W. Niles against the Iroquois Realty Company. From an order of the Special Term, granting a motion made by plaintiff for a discovery and inspection of the books of account of the defendant, containing the record of the conduct of its business in operating, maintaining, and repairing a certain hotel, including "ledgers, journals, cash books, guest ledgers, day books, etc.," and all other books of account which the defendant may have kept and which are in its possession or under its control, with permission to take copies thereof or extracts therefrom, defendant appeals. Reversed, and motion denied.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Argued before PATTERSON, P. J., and INGRAHAM, LAUGH-LIN, McLAUGHLIN, and SCOTT, JJ.

Roger S. Baldwin (William P. Jeffery, on the brief), for appellant. John J. Cunneen, for respondent.

LAUGHLIN, J.   This is an action on an assigned claim for moneys deposited as security for rent of the premises, known as the "Iroquois Hotel," Nos. 47, 49, 51, and 53 West Forty-Fourth street, borough of Manhattan, New York, and for interest thereon, and for rent paid in advance, covering a period subsequent to the eviction of the tenant. On the 3d day of May, 1900, the Seaboard Realty Company, which then owned the premises, leased the same to one Annie S. Foster for the period of 21 years from October 1st thereafter, upon condition, among other things, that she deposit with the company the sum of $20,000 as security for the performance of the covenants and conditions of the lease to be kept and performed by her; and it was provided, in substance, in the agreement, that in the event of her default in the performance of any of the terms, covenants, or conditions of the lease the payments made by her to create the fund of $20,000 as security, it having been provided that the payments were to be made in installments—

"shall be by the corporation retained on account of any damage or injury sustained by or accruing to it because of such default, or (at its option) all the sums so paid may be retained by it as liquidated damages because of such default or breach committed by the said Annie S. Foster."

The Seaboard Realty Company conveyed the premises, and assigned its right in and to the fund so deposited as security, to the defendant on the 28th day of December, 1900.   On the 3d day of December, 1901, a new lease of the premises was made between the defendant and the original tenant, to run from that day until the 1st day of October, 1921; but the rights of the parties with respect to the fund so deposited as security appear to have been continued as they were or left unchanged under the original lease.   The original tenant assigned her rights under the lease and her interest in and to the fund to the Iroquois Hotel & Apartment Company on the 17th day of December, 1901, and that company entered into possession and continued to occupy the premises until the 21st day of February, 1907, when it was removed therefrom pursuant to a warrant issued out of the Municipal Court in a proceeding instituted by the defendant, as landlord, for the removal of the Iroquois Hotel & Apartment Company as its tenant. The agreement under which the moneys were so deposited to secure the fulfillment of the obligations of the tenant provided that it should be repaid on fulfillment of such obligations, with interest at the rate of 4 per centum per annum, the interest, however, to be annually deducted on the 1st day of January from the rents then due.   It was provided in the lease that the rent should be paid monthly in advance. It is alleged that the rent for the entire month of February was paid prior to the eviction.   The plaintiff demands judgment for the sum of $20,000, that being the fund deposited, with interest thereon from the 1st day of January, 1907, together with the sum of $800, interest on

the fund accrued prior to that time, and the sum of $529.17, the proportionate part of the rent for the month of February after the eviction, and interest thereon.

No claim is made to a right to the inspection by virtue of any of the allegations of the complaint. The theory of the learned counsel for the plaintiff is that the inspection is necessary and proper for the purpose of obtaining evidence to disprove the defense pleaded by the defendant. The answer puts in issue some of the material allegations of the complaint, and then, as a separate defense, it is alleged that it was the duty of the tenant to pay the taxes and water rates and to keep the premises in good order and repair, and that it failed to perform its obligation in any of these respects, and that the defendant exercised the option contained in the agreement to retain the fund as liquidated damages. A second defense sets up the same facts in substance, and alleges that pursuant to the provisions of the lease, on the failure of the tenant to pay taxes and water rates, it paid the same, and that it elected to retain the moneys so deposited on account of such breach of contract on the part of the tenant. The same facts, in substance, are realleged as a third defense, with the additional allegation that the defendant was damaged thereby in the sum of $25,000; and for a counterclaim the defendant pleads the same facts, and alleges that it has sustained damages in the sum of $25,000, which it offers to offset to an extent sufficient to satisfy the plaintiff's claim. A further counterclaim for rents collected by the plaintiff's assignor is not material to the questions presented by the appeal.

The learned counsel for the plaintiff points out that the books of account of the defendant will probably show the amount it has expended for repairs upon the hotel since the eviction of plaintiff's assignor, and he claims that this would be competent material evidence for the plaintiff on the trial of the issues herein. The evidence sought would be neither competent nor material on any issue presented. Under the provisions of the lease, it was the duty of the plaintiff's assignor to keep the premises in good order and repair as therein provided. If it failed to perform that duty, the defendant would be entitled to recover its damages, which would be measured by the reasonable cost and expense of making such repairs, regardless of whether or not it had expended the money in making them.

The learned counsel for the plaintiff further contends that an inspection of the books of account of the defendant would probably show that the hotel has been well occupied and that the defendant has realized large profits in conducting it. Those facts are quite foreign to any issue presented in this action. It is wholly immaterial whether the premises have been occupied or vacant, and whether, if occupied, the enterprise has been profitable or otherwise. The question is whether the plaintiff's assignor performed his contract with respect to keeping the premises in repair. On that issue evidence that the hotel has been filled with guests, who have paid liberally, would not be competent; for it would not legitimately tend to prove that the tenant performed the covenants and conditions of the lease prior to its eviction, nor would this be aided by further proof that only a small amount

has since been expended for repairs on the building. It is evident, therefore, that the evidence sought to be obtained by the inspection is neither necessary nor material to the plaintiff's case, or to meet the defense pleaded herein.

It follows that the order should be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs. All concur.