Cooke, J.
In 1888, respondent Pennsylvania Railroad Company erected Pier 77 on New York City owned land. Title to the improvement was to revert to the city upon expiration of *300 the railroad’s lease. For more than 70 years the railroad has had sole and exclusive possession, use and occupancy of the pier. From the date of completion to July 1, 1891, occupancy was under permit. For the next 30 years, between 1891 and 1921, occupancy was pursuant to a 10-year lease, twice renewed. The railroad occupied the pier during the following 30 years under annual or semiannual permits which, as did the lease, required that the pier be maintained in good condition. The last permit to be issued was dated July 1, 1949 and expired December 31, 1949. For the next 11 years, until June of 1961, respondent remained in possession and continued to pay rent, but did not execute any new rental agreements.
Three years after the railroad surrendered possession, the city brought suit for failure of the railroad to maintain the pier in good condition and sought $124,256 in damages. The railroad’s answer alleged that the city’s decision to replace the pier with a new one precluded damages, that the city’s cause of action was time-barred, and that the city was guilty of laches. The city’s motion for summary judgment was granted, but on reargument the $124,256 judgment was vacated and a hearing to assess damages for breach of a continuing covenant to keep the pier in good repair was ordered. The Appellate Division, in reversing Special Term’s order and dismissing the city’s complaint, construed the relationship of the parties as one of licensorrlicensee, and as such, one to which no prior covenant of repair would attach.
A court in its effort to determine the true character of an instrument must look at the nature of the right rather than to the name that the parties gave it (Greenwood Lake & Port Jervis R. R. Co. v New York & Greenwood Lake R. R. Co., 134 NY 435, 439; Williams v Hylan, 223 App Div 48, 53, affd sub nom. Williams v City of New York, 248 NY 616; 51C CJS, Landlord and Tenant, § 6 [1], p 38; § 202 [6], p 524). If the underlying instrument purports to yield up exclusive possession of premises against the world, including the owner, it is not a license, but creates an irrevocable estate or interest in the land (Williams v Hylan, supra, at p 53). When a tenant, such as the railroad, remains in possession on the expiration of a permit granting exclusive possession, it is a holdover and, pursuant to common law, there is implied a continuance of the tenancy on the same terms and subject to the same covenants as those contained in the original instrument (Kennedy v City of New York, 196 NY 19, 23; Haynes v Aldrich, *301 133 NY 287, 289; Stern & Co. v Avedon & Co., 194 App Div 433, affd 231 NY 546). Thus, the covenant to maintain the pier remained in force for so long as the railroad remained in possession and, upon surrender, a cause of action for breach of said covenant could be timely brought.
An action for the breach of a tenant’s covenant to keep the premises in repair may be brought either before or after the expiration of the term. In the recent case of Farrell Lines v City of New York (30 NY2d 76, 84), this court spoke to the issue of damages: "It is well established that when an action is brought by a landlord for breach of a covenant to keep in good repair after the expiration of the lease, the cost of accomplishing what should have been done measures the lessor’s damages. (Appleton v Marx, 191 NY 81; Tobin v Union News Co., 18 AD2d 243, 245, affd 13 NY2d 1155; 2 Rasch, New York Landlord and Tenant [2d ed], § 634; 34 NY Jur, Landlord and Tenant, § 486; Ann., 80 ALR2d 983, 1001-1002.) The rule, without variation, is that under such a covenant the damages are what it would cost to put the premises in the required state of repair.’ (Mudge v West End Brewing Co., 145 App Div 28, 31, affd 207 NY 696; see, also, Niles v Iroquois Realty Co., 130 App Div 744, 747; Markham v Stevenson Brewing Co., 111 App Div 178, 180, affd 188 NY 593.)” Despite the city’s demolition of the pier in Farrell Lines and its construction of a container terminal to take its place, this court held that "liability is unaffected by such circumstances. * * * Indeed, to hold that a lessor waives his right to collect what the repairs would have cost because subsequent to the execution of the lease he causes the premises to be demolished would be unfair to the lessor who, in return for such covenants, charges a rental that is far less than he could have received” (Farrell Lines v City of New York, supra, at p 85). Based on this reasoning, we reach the same result.
The order of the Appellate Division should be reversed and the order of Special Term, New York County, entered November 7,1968, should be reinstated, with costs.
Chief Judge Breitel and Judges Jasen and Fuchsberg concur with Judge Cooke; Judges Gabrielli, Jones and Wachtler dissent and vote to affirm on the memorandum at the Appellate Division.
Order reversed, etc.