■ ARNOT REALTY CORPORATION, Appellant-Respondent, v NEW YORK TELEPHONE COMPANY, Respondent-Appellant. [665 NYS2d 478] —Mikoll, J. P. Cross appeals from an order of the Supreme Court (Ellison, J.), entered March 31, 1997 in Chemung County, which partially granted defendant's motion for summary judgment dismissing the third cause of action in the complaint and granted plaintiff partial summary judgment on the remaining causes of action on the issue of liability.

In 1970, the parties entered into an agreement providing for the construction of a building by plaintiff, with plans and specifications to be approved by defendant, and the subsequent lease of the building by defendant for a 15-year term with options to extend. An amendment to the lease, executed one year later, provided for defendant to assume what would otherwise have been plaintiff's responsibility "to make all necessary structural and roof repairs and replacements in, to and of the demised premises", in exchange for a 7.15% annual reduction in rent.

Defendant occupied the premises from October 1, 1971 until September 30, 1993. In March 1993, plaintiff had the leased premises inspected in order to ascertain the presence of asbestos material therein. This inspection determined the existence of asbestos in spray-on insulation on the ceilings of the first and second floors of the building, which had been applied as a fireproofing measure in accordance with construction standards prevalent at the time of the building's construction in 1970. The inspection further found approximately 25% physical damage, or delamination in the spray-on insulation, which was "general in nature throughout the entire building".

Plaintiff thereupon called upon defendant to remedy the situation, citing defendant's responsibility for keeping the building in good repair and condition and in compliance with all governmental rules and regulations, and also citing defendant's

assumption of the owner's responsibility for structural repairs. Defendant refused plaintiff's demand, citing article 30 of the lease, calling for surrender of the leased premises in the same condition as upon delivery, "reasonable wear and tear" excepted, and further contending that asbestos removal was not within the purview of the structural repairs or replacements for which it assumed responsibility. This litigation ensued.

Plaintiff's first cause of action sought damages for defendant's breach of its lease covenant to remove fixtures and alterations to the premises at the expiration of the lease if requested by plaintiff to do so. Plaintiff's second and fourth causes of action related to the presence of loose asbestos throughout the building on the interior topside of suspended ceiling tiles, contending that defendant is responsible therefor upon two grounds. The first ground was based upon defendant's lease covenant to tender the premises to plaintiff at the conclusion of the lease in a "broom clean" condition; the second was under the theory that by undertaking responsibility for "all necessary structural and roof repairs and replacements" in the premises, defendant obligated itself for the necessary asbestos removal. In its third cause of action, plaintiff sought damages in the form of rent from defendant, alleging that defendant's breach of the other covenants of the lease rendered it a holdover tenant and liable for rent as such.

Following discovery, defendant moved for summary judgment dismissing the complaint; plaintiff opposed the motion but did not cross-move. Supreme Court granted defendant's motion on the third cause of action and upon its own review of the record, granted partial summary judgment to plaintiff on the question of liability with respect to the first, second and fourth causes of action. Both parties appeal.

We conclude that Supreme Court properly granted summary judgment as to the first and third causes of action, but improperly did so with respect to the second and fourth causes of action. The order must be modified accordingly.

Defendant contends on this appeal that Supreme Court erred in granting summary judgment on the first cause of action, which sought damages for breach of the agreement to remove fixtures and alterations to the premises upon the request of plaintiff, because plaintiff made no such request until after defendant had vacated the premises and the lease terminated. This contention is wholly without merit since the relevant lease provision explicitly provides that it shall survive termination of the lease.

As to the third cause of action, seeking damages from plaintiff as a holdover tenant, the law is well settled in New York that a tenant who has vacated premises but breached covenants to repair cannot be held liable for holdover rent while the repairs are made and the premises unleased (see, Orkin's Fashion Stores v Kress & Co., 68 NYS2d 764; Canfield v Harris & Co., 222 App Div 326, affd 248 NY 541; Mudge v West End Brewing Co., 145 App Div 28, affd 207 NY 696; see also, City of New York v Pennsylvania R. R. Co., 37 NY2d 298, 301; Tobin v Union News Co., 13 NY2d 1155, 1157). Supreme Court therefore properly dismissed the third cause of action.

Plaintiff's second and fourth causes of action relate to asbestos removal, and the responsibility for that removal. We have read the record as presenting questions of fact on this question, the existence of which make the granting of summary judgment as to the second cause of action improper. These questions include whether and to what extent the loose asbestos on the inside surface of the ceiling tiles, which plaintiff's March 1993 inspection found to be "general * * * throughout the * * * building", was the result of "reasonable wear and tear", including vibrations of the building over a period of 22 years occasioned by its proximity to an elevated railroad trestle, or the result of defendant's operations in the premises. We do not necessarily interpret the lease provision requiring defendant to surrender the leased premises in a "broom clean" condition to impose upon defendant the obligation to remove or clean up delaminated asbestos that had accumulated throughout the building on the interior top surfaces of suspended ceiling tiles, but because the cause of the accumulation is the subject of conflicting factual assertions, opinions and speculation in the affidavits submitted in connection with the motion before Supreme Court, this issue was not properly resolved by the grant of summary judgment to plaintiff.

As to the fourth cause of action, we conclude that, under these circumstances, asbestos removal or remediation is not a structural "repair" to which defendant agreed in its lease. Preliminarily, we observe that implicit in the lease itself is that its provisions (except those which expressly survive the termination of the lease, as previously noted) apply only for the duration of the term of the lease. The timing of plaintiff's initiation of the inspection of the premises for identification of asbestos suggests that it was precipitated at least in part by defendant's impending termination of the lease and the concern for improvements prospectively to be made. We agree with the

view expressed by the First Department in *Wolf v 2539 Realty Assocs.* (161 AD2d 11) that "the abatement of the asbestos hazard is not a condition in need of 'repair' in the normal sense of the word * * * Rather, remedial measures are mandated by a supervening change in governmental policy which reflects an awareness that asbestos * * * is unsuitable for use in areas of human occupancy. Such mandated alterations do not come within the purview of the repair clause" (*id.*, at 15). That such remedial measures would become necessary some 20 years after the date of the execution of the agreements by the parties cannot fairly be said to have been within their contemplation at the time of the agreements. Accordingly, defendant is entitled to summary judgment dismissing the fourth cause of action.

Mercure, Crew III, White and Yesawich Jr., JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as (1) denied defendant's motion for summary judgment regarding the fourth cause of action, and (2) granted plaintiff summary judgment on its second cause of action; defendant is awarded summary judgment on the fourth cause of action and said cause of action is dismissed; and, as so modified, affirmed. [As amended by unpublished order entered Feb. 19, 1998.]