(November 10, 1998)

■ Chemical Bank, Plaintiff, v Stanley Stahl, Doing Business as Stahl Park Avenue Co., et al., Defendants. (Action A.) Stanley Stahl, Doing Business as Stahl Park Avenue Co., Appellant, v Chemical Bank, Respondent. (Action B.) (And Other Actions.) [679 NYS2d 386] —Orders, Supreme Court, New York County (Charles Ramos, J.), entered September 15, 1997

and May 20, 1998, respectively, as to Action B, insofar as they granted defendant Chemical Bank's motion for partial summary judgment dismissing plaintiff's first cause of action for consequential damages, and granted defendant Chemical Bank's cross motion for summary judgment dismissing plaintiff's third cause of action for public nuisance, unanimously affirmed, with costs.

The motion court properly determined that Action B plaintiff is not entitled to lost rental income and financing costs associated with extensive restoration work that defendant tenant Chemical failed to perform in accordance with its supplemental covenant to surrender the leased premises in the stipulated condition, since the parties' agreement did not provide for the' award of such consequential damages but only for recovery of the reasonable cost of restoring the premises to the covenanted condition (see, *Solow Mgt. Corp. v Hochman*, 191 AD2d 250, *lv dismissed* 82 NY2d 802; *Farrell Lines v City of New York*, 30 NY2d 76, 84; *Tobin v Union News Co.*, 18 AD2d 243, *affd* 13 NY2d 1155; *Appleton v Marx*, 191 NY 81; *Mudge v West End Brewing Co.*, 145 App Div 28, 31, *affd* 207 NY 696). Where a party fails to insert a provision permitting consequential damages into a lease agreement, the court will not supply it (see, *1009 Second Ave. Assocs. v New York City OTB*, 248 AD2d 106, 108). Nor can plaintiff recover lost rental income on the theory that defendant held over its tenancy. It is undisputed that defendant did in fact vacate the premises, and although in so doing it failed to remove structural alterations and major installations, that failure did not constitute a constructive holdover (see, *Arnot Realty Corp. v New York Tel. Co.*, 245 AD2d 780; *Canfield v Harris & Co.*, 222 App Div 326, *affd* 248 NY 541).

Plaintiff's third cause of action alleging an entitlement to special damages by reason of defendant's creation of a public nuisance was properly dismissed, since the alleged damages are merely for economic loss occasioned by breach of a contract to remedy asbestos contamination caused by a defective hybrid fireproofing assembly, and not for personal injuries or property damage independent of defendant's failure to fulfill said contractual obligations (see, *New York Univ. v Continental Ins. Co.*, 87 NY2d 308, 316; *Sommer v Federal Signal Corp.*, 79 NY2d 540, 551; *Rockefeller Univ. v Tishman Constr. Corp.*, 232 AD2d 155, *lv denied* 89 NY2d 811). "[T]he mere potential for serious physical injury or property damage is not enough to create a duty independent of the contract thereby authorizing recovery in tort" (*Rockefeller Univ. v Tishman Constr. Corp.*, *supra*, at 155). We have considered plaintiff's other arguments

and find them to be unpersuasive. Concur—Lerner, P. J., Sullivan, Milonas and Rubin, JJ.