■ MOONSTONE JUDGE, LLC, Respondent, v SYBIL SHAINWALD, Appellant. (And a Third-Party Action.) [831 NYS2d 62]—

Judgment, Supreme Court, New York County (Bernard J. Fried, J.), entered February 15, 2006, awarding plaintiff the principal sum of $153,885.75, unanimously affirmed, with costs. Appeal from judgment, same court and Justice, entered May 18, 2006, dismissing defendant's counterclaims, unanimously dismissed as abandoned, without costs.

Defendant hired plaintiff, a general contractor, to renovate her apartment. All arrangements were made through defendant's interior designer, who orchestrated the project. During

the course of construction, defendant required and personally approved numerous changes in the scope of work, which added time and expense to the project. The record includes no evidence that she complained about any of the work during construction, nor evidence that she incurred additional expenses because of delays in construction, which in any event appear to have resulted from these changes in the scope of the work. Eventually, defendant paid plaintiff only a portion of the invoices for labor, services and materials.

Plaintiff sued defendant in quantum meruit, inter alia, and moved for summary judgment on that claim. In opposing the motion, defendant failed to serve and file a responsive statement as required by rule 19-a (b) of the Rules of the Commercial Division of Supreme Court (22 NYCRR 202.70 [g]). Although the court afforded defense counsel an opportunity to make a showing why plaintiff's factual claims should not be deemed admitted, no adequate explanation was provided as a result of defendant's omission. Even defendant's subsequent conclusory claim that the omission had resulted from law office failure was inadequate to excuse the default (*McClaren v Bell Atl.*, 30 AD3d 569 [2006]). Were we to consider defendant's factual averments in her affidavit in opposition to plaintiff's motion for summary judgment, we would note that she failed to controvert many of the material facts alleged by plaintiff, and provided no citation to evidence submitted in opposition (rule 19-a [d]). Hence, there is no basis for disturbing the court's exercise of discretion in deeming plaintiff's unopposed factual statements admitted (*Silverman v Keller*, NYLJ, Mar. 20, 2006, at 20, col 1, col 3; *Feinsod v Stiefel Labs., Inc.*, 1 Misc 3d 909[A], 2004 NY Slip Op 50008[U], *3). Concur—Friedman, J.P., Marlow, Sweeny, Catterson and Malone, JJ.