■ 68-49 WOODHAVEN BOULEVARD HOLDING CORP., Respondent-Appellant, v EXXON MOBIL CORPORATION, Formerly Known as MOBIL OIL CORPORATION, Defendant and Third-Party Plaintiff-Appellant-Respondent. AC WOODHAVEN INC. et al., Third-Party Defendants-Respondents-Appellants. [879 NYS2d 147]—

In an action, inter alia, to recover damages for breach of a lease, the defendant and third-party plaintiff appeals, as limited by its brief, from stated portions of a judgment of the Supreme Court, Queens County (Lane, J.), entered April 25, 2008, which, among other things, upon so much of an order of the same court dated February 26, 2008, as denied those branches of its motion which were pursuant to CPLR 4404 (a) to set aside so much of a jury verdict as found that the plaintiff was entitled to recover the principal sums of $792,000 in holdover rent and $37,000 for certain repaving costs due to its breach of paragraph 13 of the subject lease and for judgment as a matter of law in its favor on those causes of action, is in favor of the plaintiff and against it, and the plaintiff and the third-party defendants cross-appeal, as limited by their brief, from stated portions of the same judgment which, upon so much of the order dated February 26, 2008, as granted that branch of the motion of the defendant and third-party plaintiff which was pursuant to CPLR 4404 (a) to set aside so much of the jury verdict as found that the plaintiff was entitled to recover the principal sum of $43,378.57

for certain real estate taxes owed as a result of the defendant and third-party plaintiff's breach of paragraph 3 of the subject lease and the principal sum of $915,302.05 for damages resulting from the demolition of a building in violation of paragraph 13 of the subject lease and for judgment as a matter of law in its favor on those causes of action, is in favor of the defendant and third-party plaintiff and against the plaintiff dismissing so much of the first cause of action as sought to recover real estate taxes in the principal sum of $43,378.57 and dismissing the fourth cause of action, which sought to recover damages resulting from the demolition of the subject building in violation of paragraph 13 of the subject lease.

Ordered that the cross appeal by the third-party defendants is dismissed, as they are not aggrieved by that portion of the judgment cross-appealed from (see CPLR 5511); and it is further,

Ordered that the judgment is modified, on the law, by deleting the third decretal paragraph thereof in favor of the plaintiff and against the defendant and third-party plaintiff awarding the plaintiff the principal sums of $792,000 and $37,000, respectively, and substituting therefor a provision dismissing so much of the complaint as sought to recover holdover rent and certain repaving costs due to an alleged breach of paragraph 13 of the subject lease; as so modified, the judgment is affirmed insofar as appealed and cross-appealed from, with costs to the defendant and third-party plaintiff, those branches of the defendant and third-party plaintiff's motion which were pursuant to CPLR 4404 (a) to set aside so much of the jury verdict as found that the plaintiff was entitled to recover the principal sums of $792,000 and $37,000 and for judgment as a matter of law in its favor on those causes of action are granted, and the order dated February 26, 2008, is modified accordingly.

The Supreme Court properly granted those branches of the motion of the defendant and third-party plaintiff (hereinafter the appellant) which were to set aside so much of the jury verdict as found that the plaintiff was entitled to recover the principal sum of $43,378.57 for certain real estate taxes owed as a result of the appellant's alleged breach of paragraph 3 of the subject lease and the principal sum of $915,302.05 for damages resulting from the demolition of a building in violation of paragraph 13 of the subject lease, and for judgment as a matter of law in favor of the appellant on those causes of action. These damages awards were based on the jury's finding that the appellant was a holdover tenant on the subject real property. In evaluating the legal sufficiency of the evidence, we "must determine whether there is any 'valid line of reasoning and

permissible inferences which could possibly lead a rational [person] to the conclusion reached by the jury on the basis of the evidence presented at trial' " (*Schwalb v Kulaski,* 38 AD3d 876, 877 [2007], quoting *Cohen v Hallmark Cards,* 45 NY2d 493, 499 [1978]). Viewing the evidence in the light most favorable to the plaintiff, as we must (*see Campbell v City of Elmira,* 84 NY2d 505, 509 [1994]; *Campos v Ofman,* 49 AD3d 485, 486 [2008]), we find that no valid line of reasoning and permissible inferences could lead a rational person to the conclusion reached by the jury herein that the appellant was a holdover tenant under the subject lease, which terminated over two months before the plaintiff purchased the property from a nonparty lessor. The evidence demonstrated that the appellant retained access to the property pursuant to the expired lease solely for the purpose of conducting an environmental cleanup (*see e.g. Charlebois v Carisbrook Indus., Inc.,* 23 AD3d 821 [2005]). Furthermore, the lease explicitly stated that "[n]o receipt of monies by Lessor from Lessee after the termination . . . shall reinstate, continue or extend the term hereof," and that it was meant to bind the successors of the parties. Also, although the lease contained an option to extend the lease term, the conditions for such an extension were not met.

Similarly, the Supreme Court should have granted those branches of the appellant's motion which were pursuant to CPLR 4404 (a) to set aside so much of the jury verdict as found that the plaintiff was entitled to recover the principal sums of $792,000 in holdover rent and $37,000 for certain repaving costs due to the appellant's alleged breach of paragraph 13 of the subject lease, and for judgment as a matter of law in favor of the appellant on those causes of action. The jury made that finding based on its irrational finding that the appellant was a holdover tenant under the subject lease. The Supreme Court incorrectly determined that those damages should be upheld because the appellant breached paragraph 32 of the subject lease. Paragraph 32 of the lease required the appellant to take all necessary steps to clean up any contamination found on the subject property in excess of governmental environmental standards. The jury explicitly decided not to award the plaintiff any damages for the appellant's breach of paragraph 32 of the lease. Moreover, the court did not instruct the jury to address the appellant's obligation to repave the premises or to pay use and occupancy in accordance with paragraph 32 of the lease.

The parties' remaining contentions are either without merit or unpreserved for appellate review. Rivera, J.P., Spolzino, Miller and Angiolillo, JJ., concur. [*See* 18 Misc 3d 1137(A), 2008 NY Slip Op 50335(U).]