■ CALLISTO PHARMACEUTICAL, INC., Appellant, v DONALD H. PICKER, Respondent. [903 NYS2d 370]—

Order, Supreme Court, New York County (Bernard J. Fried, J.), entered May 5, 2009, which, in an action alleging, inter alia, breach of an employment agreement, granted defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, with costs.

The motion court correctly granted defendant summary judgment dismissing the third and fourth causes of action alleging fraud and conversion, respectively. Plaintiff failed to oppose defendant's motion on these causes of action and we decline to review the arguments presented for the first time on appeal (*see e.g. Kohn v City of New York*, 69 AD3d 463 [2010]). Were we to consider the merits of these two causes of action, we would find summary judgment to have been appropriate. Plaintiff's claim for fraud is predicated on the assertion that defendant was negotiating with nonparty Tapestry Pharmaceuticals for employment while plaintiff was considering entering into a business partnership with Tapestry. This argument has no support in the record, which indicates that Tapestry approached defendant about joining its company after plaintiff rejected the partnership proposal. There is no evidence, other than plaintiff's speculation, that defendant was negotiating during the two

companies' ultimately fruitless discussions (*see Abrahami v UPC Constr. Co.*, 224 AD2d 231, 233 [1996] [fraud must be proven by clear and convincing evidence; "loose, equivocal or contradictory" evidence will not suffice (internal quotation marks and citations omitted)]). There is also no basis for plaintiff's conversion claim, as the record shows that defendant already returned materials he took from his office that were the property of plaintiff.

The court properly dismissed the claim alleging that defendant acted as a faithless employee because there is no evidence that defendant was negotiating for his new position with Tapestry during the pendency of the business discussions between Tapestry and plaintiff. Nor is there any support for plaintiff's contention that defendant was making use of confidential information while negotiating his employment with Tapestry.

With respect to the breach of contract claim, we need not determine whether plaintiff waived its ability to enforce the 60-day notice provision, because the court correctly deemed the factual assertions contained in defendant's statement pursuant to rule 19-a of the Rules of Practice for the Commercial Division of the Supreme Court (22 NYCRR 202.70 [g]) to be admitted by plaintiff. Plaintiff's counterstatement, as well as the affidavits supporting its motion, are virtually bereft of citations to evidence supporting its contentions and thus inadequate to the task of contravening defendant's statement of undisputed facts (*see e.g. Moonstone Judge, LLC v Shainwald*, 38 AD3d 215 [2007]; Rules of Practice for Commercial Division of Supreme Court rule 19-a [d] [22 NYCRR 202.70 (g)]).

We have considered plaintiff's remaining arguments and find them unavailing. Concur—Tom, J.P., McGuire, Moskowitz, Acosta and Freedman, JJ.