■ OCELOT CAPITAL MANAGEMENT, LLC, Respondent, v ISAAC HERSHKOVITZ, Defendant. ELDAN-TECH, LTD., et al., Appellants, v ISAAC HERSHKOVITZ et al., Defendants. ELDAN-TECH, INC., in the Right and Name of OCELOT PORTFOLIO HOLDINGS, LLC Appellant, v OCELOT CAPITAL MANAGEMENT, LLC, Respondent, et al., Defendant. [934 NYS2d 146]—

These actions involve a dispute between inter-related corporate entities regarding whether certain assets of one corporate entity, OPH, sold to action 1 and action 2 defendant Hershkovitz, produced more than one promissory note from Hershkovitz for $350,000. OCM and ETL each allege they possess an original promissory note from Hershkovitz, made out in the amount of $350,000. Hershkovitz averred that he made out only one note for $350,000, and he did not challenge the validity of the notes allegedly possessed by either OCM or ETL. ETL's subsidiary, ETI, held an 80% equity stake in OPH.

The motion by ETL/ETI to intervene in action 1 as of right (see CPLR 1012 [a]), was properly denied since ETL/ETI did not

show that they would be adversely affected by a judgment in favor of OCM. There was no evidence offered regarding Hershkovitz's liquidity, and ETL/ETI purportedly possessed their own note for $350,000, upon which they commenced a separate action (action 2) that remains pending. ETL/ETI also offered no proof, apart from speculation, that the note and assignment in OCM's possession lacked authenticity and validity.

The court also properly denied ETL/ETI permission to intervene pursuant to CPLR 1013, since the legal issues and facts relevant to ETL/ETI's claims are not common with those asserted by OCM. In denying the motion to intervene, the motion court properly considered ETL/ETI's delay in moving to intervene, the complicating effect the ETL/ETI arguments would have on OCM's action, and the fact that ETL/ETI were prosecuting their claims on the note in their possession in another action (*see East Side Car Wash v K.R.K. Capitol*, 102 AD2d 157, 160 [1984], *appeal dismissed* 63 NY2d 770 [1984]).

The court properly granted OCM summary judgment on its cause of action seeking payment on the note in its possession. OCM established prima facie entitlement to summary judgment based on submitted copies of the original note and a written assignment of the note from OPH to OCM, along with affidavits from individuals having personal knowledge regarding the creation and source of the aforementioned documents.

In opposition, Hershkovitz failed to raise a triable issue of fact. He provided a conclusory statement that he had executed only one $350,000 note, and that ETL/ETI had commenced a separate action against him based on the same note. Hershkovitz did not comply with rule 19-a of the Rules of the Commercial Division of Supreme Court (22 NYCRR 202.70 [g]), inasmuch as he failed to submit a statement of material facts. The court noted that Hershkovitz had every opportunity to directly deny the validity of OCM's note, but failed to do so. Accordingly, OCM's statement of material facts, including that Hershkovitz was obligated to pay it $350,000, as per the terms of the original note, was appropriately deemed by the motion court to be admitted (*see Moonstone Judge, LLC v Shainwald*, 38 AD3d 215 [2007]; *see also Callisto Pharm., Inc. v Picker*, 74 AD3d 545 [2010]).

The court properly dismissed ETI's derivative action on standing grounds. ETI did not allege that it made a prior demand of OPH to institute an action (*see* Business Corporation Law § 626 [c]), or that to make such a demand would be futile (*see Wandel v Eisenberg*, 60 AD3d 77 [2009]). ETI's argument that the demand requirement was inapplicable because it had a majority

equity interest in OPH, as opposed to a minority interest, is unavailing. Business Corporation Law § 626 (c) does not differentiate between minority and majority shareholders for demand purposes. Moreover, the enumerated exceptions to the demand requirement have not been shown to be applicable here (*see Wandel* at 80).

Furthermore, even assuming that ETI had demonstrated its standing to bring a derivative action, the application for preliminary injunctive relief enjoining OCM from dissipating any assets derived from the action 1 judgment was properly denied. There was no showing of a clear right to equitable relief given the law and the undisputed facts presented (*see generally Peterson v Corbin*, 275 AD2d 35, 37 [2000], *lv dismissed* 95 NY2d 919 [2000]). Concur—Andrias, J.P., Saxe, Sweeny, Acosta and Manzanet-Daniels, JJ.