Order, Supreme Court, New York County (Melvin L. Schweitzer, J.), entered July 17, 2012, which, to the extent appealed from as limited by the briefs, denied plaintiffs motion for partial summary judgment dismissing defendant’s second through tenth defenses and counterclaims (counterclaims), granted in part defendant’s cross motion for summary judgment as to defendant’s tenth counterclaim, and referred the issue of damages on the tenth counterclaim to a special referee, unanimously modified, on the law, to grant plaintiff’s motion for partial summary judgment dismissing the tenth counterclaim to the extent that it seeks lost rent, deny defendant’s cross motion as to its tenth counterclaim, and remand the matter for further proceedings, and otherwise affirmed, without costs. Appeal from order on reargument, same court and Justice, entered September 27, 2012, unanimously dismissed, without costs, as academic.
Plaintiff correctly argues that the motion court erroneously failed to grant partial summary judgment dismissing the tenth counterclaim to the extent that defendant Cliff Tower sought lost rent from plaintiff in the amount of more than $1.5 million based on plaintiffs alleged failure to return the dormitory apartments in good repair. Nothing in the relevant lease provisions provided for additional rent beyond the term of the lease as part of the damages for restoring the premises to the agreed upon condition (Solow Mgt. Corp. v Hochman, 191 AD2d 250, 251 [1st Dept 1993], lv dismissed 82 NY2d 802 [1993]; see also Chemical Bank v Stahl, 255 AD2d 126, 127 [1st Dept 1998]).
*650 Regarding plaintiff’s motion for partial summary judgment on the tenth counterclaim seeking to limit any potential recovery by defendant for damages to the apartments to $137,606, Supreme Court correctly reasoned that plaintiff failed to meet its burden of eliminating any triable issue of fact as to the extent of plaintiffs liability and the amount of damages.
Specifically, the relevant lease provisions make clear that plaintiff is liable for damage beyond ordinary wear and tear, and for leaving the dormitory apartments, including the walls, floors, and appliances, in substantially the same condition in which they were received. The court did not focus excessively on these provisions, as this is precisely the situation those provisions were intended to address. Plaintiff cites other provisions that merely prohibit the apartment occupants from refinishing floors and do not oblige plaintiff to repaint walls, but these sections do not absolve plaintiff of liability for damage beyond ordinary wear and tear.
Supreme Court also correctly noted that defendant did not impermissibly seek reimbursement for upgrades and other expenses not covered by the lease terms. Rather, defendant sought the cost of replacing damaged kitchen counters but did not pass on the additional cost of upgrading to granite countertops. Regarding the other disputed costs, such as the Christmas lights, payroll expenses and janitorial supplies, the court correctly concluded that triable issues of fact existed regarding whether plaintiffs conduct caused Cliff Tower to incur these expenses, as Cliff Tower claims it did.
As Supreme Court correctly found in its July 17, 2012 order that triable issues of fact exist regarding plaintiffs liability for damage to the apartments, it should have denied defendant’s motion for summary judgment as to liability as well as damages and proceeded to trial on those issues.
Contrary to plaintiffs assertion, the record does not suggest that Supreme Court issued any one-sided rulings, and there is no need for reassignment to a different Justice for further proceedings.
As neither party is the prevailing party with regard to its “central claim,” neither is entitled to attorneys’ fees in connection with its motion (Sykes v RFD Third Ave. I Assoc., LLC, 39 AD3d 279, 279 [1st Dept 2007]).
Finally, the remaining counterclaims at issue were labeled alternatively as affirmative defenses, and dismissal was not warranted based merely on defendant’s grouping them together. Concur — Tom, J.P., Mazzarelli, Moskowitz and Gische, JJ.