■ HARMACOL REALTY CO. LLC, Appellant, v NIKE, INC., Respondent. [39 NYS3d 417]—

Order, Supreme Court, New York County (Eileen Bransten, J.), entered March 17, 2015, which granted defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, with costs.

Plaintiff, the owner of a building in Manhattan, seeks holdover rent and recovery for damages sustained as a result of a fire in a commercial space that had been leased to defendant.

The motion court correctly dismissed plaintiff's claim for contractual indemnity. The controlling lease provision requires each party to "look first to any insurance in its favor before making any claim against the other" in the event of fire or other casualty damage (¶ 9 [e]), which plaintiff failed to do. Even if plaintiff were able to pursue indemnity under paragraph 8 of the lease, which limits indemnity to "damages . . . and expenses for which [plaintiff] shall not be reimbursed by insurance" (¶ 8), such recovery would be barred because plaintiff failed to pursue a claim with an insurer, which was a condition precedent to recovery under that paragraph. Plaintiff failed to preserve its argument that defendant waived the condition precedent, and, in any event, the argument is unavailing since there is no clear showing of an intent to abandon or relinquish the condition (see Jefpaul Garage Corp. v Presbyterian Hosp. in City of N.Y., 61 NY2d 442, 446 [1984]).

Defendant is not otherwise liable for the negligent acts of its independent contractor (see Rosenberg v Equitable Life Assur. Socy. of U.S., 79 NY2d 663, 668 [1992], rearg dismissed 82 NY2d 825 [1993]). Plaintiff's unpled theory that defendant is liable for such acts because it was negligent "in selecting, instructing or supervising the contractor" (Kleeman v Rheingold, 81 NY2d 270, 274 [1993]), is unpreserved and unsupported by the record.

The motion court properly dismissed plaintiff's holdover tenancy claim, since defendant vacated the leased premises prior to the expiration of the lease, and left behind no property on the premises (see Building Serv. Local 32B-J Pension Fund v 101 L.P., 115 AD3d 469, 472 [1st Dept 2014], appeal dismissed 23 NY3d 954 [2014]). Defendant's undertaking of repairs, following vacatur, did not create a holdover tenancy (see Charlebois v Carisbrook Indus., Inc., 23 AD3d 821, 822-823 [3d Dept 2005]).

The motion court providently exercised its discretion in deeming admitted the unopposed and uncontroverted state-

ments contained in defendant's statement of material facts (*see* Rules of Commercial Div of the Sup Ct [22 NYCRR 202.70 (g)] rule 19-a [c]; *Moonstone Judge, LLC v Shainwald*, 38 AD3d 215, 216 [1st Dept 2007]).

We have considered plaintiff's remaining arguments and find them unavailing. Concur—Mazzarelli, J.P., Sweeny, Acosta, Moskowitz and Gesmer, JJ.