Matter of Vaccari v Vaccari (2019 NY Slip Op 04034)





Matter of Vaccari v Vaccari


2019 NY Slip Op 04034


Decided on May 23, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 23, 2019

Renwick, J.P., Manzanet-Daniels, Kahn, Kern, Moulton, JJ.


9392 656347/17

[*1]In re Richard Vaccari, et al., Petitioners-Appellants,
v
Paul Vaccari, et al., Respondents-Respondents.


The Weinstein Group, P.C., Syosset (Lloyd J. Weinstein of counsel), for appellants.
Stein Riso Mantel McDonough, LLP, New York (Gerard A. Riso of counsel), for respondents.



Order, Supreme Court, New York County (Eileen Bransten, J.), entered on March 30, 2018, which, insofar appealed from as limited by petitioners' brief, granted respondents' cross motion for summary judgment dismissing petitioners' claims for unjust enrichment, conversion and misappropriation, and attorney's fees, unanimously affirmed, without costs.
The court was not required to notify petitioners pursuant to CPLR 3211(c) that it was converting respondents' cross motion to one for summary judgment, because respondents moved pursuant to both CPLR 3211 and 3212. Petitioners could hardly have been unaware that respondents were moving for summary judgment, as they submitted a statement of uncontroverted facts (see Rules of Commercial Div of the Sup Ct [22 NYCRR 202.70(g)] rule 19-a[a]).
The motion court providently exercised its discretion by deeming admitted the unopposed and uncontroverted statements in respondents' statement of material facts (see e.g. Harmacol Realty Co. LLC v Nike, Inc., 143 AD3d 503, 504-505 [1st Dept 2016]; Rules of Commercial Div of the Sup Ct [22 NYCRR 202.70(g)] rule 19-a[b] and [c]).
Petitioners' appellate argument that they needed discovery to oppose respondents' motion is unpreserved (see generally Levy v Carol Mgt. Corp., 199 AD2d 140 [1st Dept 1993]). Moreover, their affidavit in support of discovery failed to show that "facts essential to justify opposition may exist but cannot then be stated" warranting further discovery (CPLR 3212[f]).
The court properly granted summary judgment dismissing petitioners' claims for unjust enrichment and conversion/misappropriation. According to respondents' statement of uncontroverted facts, nonparty Piccinini Brothers Inc. (of which respondent Paul Vaccari is the sole shareholder) has overpaid the rent due to respondent Ametal Realty Corp.
The court correctly dismissed petitioners' claim for attorneys' fees because they did not "achieve a substantial benefit" on the merits of their substantive claims (see Seinfeld v Robinson, 246 AD2d 291, 294 [1st Dept 1998]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 23, 2019
CLERK