44-45 Broadway Leasing Co., LLC v 45th St. Hospitality Partners LLC (2021 NY Slip Op 05452)





44-45 Broadway Leasing Co., LLC v 45th St. Hospitality Partners LLC


2021 NY Slip Op 05452


Decided on October 12, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 12, 2021

Before: Renwick, J.P., Kern, Oing, Mendez, Rodriguez, JJ. 


Index No. 652816/16 Appeal No. 14338 Case No. 2021-02016 

[*1]44-45 Broadway Leasing Co., LLC, Plaintiff-Respondent,
v
45th St. Hospitality Partners LLC, et al., Defendants-Appellants.


Newman Ferrara LLP, New York (Jarred I. Kassenoff of counsel), for appellants.
Pryor Cashman LLP, New York (Bryan T. Mohler of counsel), for respondent.



Order, Supreme Court, New York County (Anthony Cannataro, J.), entered on or about December 4, 2020, which, to the extent appealed from, denied defendants motion for summary judgment dismissing the complaint and on their counterclaims for declaratory relief, unanimously modified, on the law, to the extent of dismissing plaintiff landlord's claim for use and occupancy, and otherwise affirmed, without costs.
The motion court properly denied defendants' motion for summary judgment dismissing the complaint upon a finding of issues of fact on whether the tenant failed to comply with any removal obligations under the lease. Plaintiff's planned $40 million renovation, which included reduction of the number of floors in the building and significant demolition of the interior spaces, constitutes an intention to "substantially alter" the building under § 13.01(c) of the parties' lease, which provides, "Tenant shall have no obligation to perform any restoration work if Landlord intends to demolish or substantially alter the Building following the expiration or termination of this Lease" (see Two Guys from Harrison-N.Y., Inc. v S.F.R. Realty Assoc., 63 NY2d 396, 400 [1984]). However, according to other terms in the lease, defendant tenant's obligation to remove property upon the lease's termination was not obviated by the landlord's intention to substantially alter the building, and the record does not sufficiently establish whether the removal work performed by defendant tenant fulfilled its obligations under the lease. Whether work done by defendant tenant fell under the rubric of "removal," as opposed to "restoration," presents an issue of fact for the factfinder to resolve (see Berkeley Research Group, LLC v FTI Consulting, Inc., 157 AD3d 486, 489 [1st Dept 2018]).
We, however, agree with defendants that use and occupancy is not an available measure of damages on plaintiff landlord's claims. "[T]he measure of damages for a tenant's breach of a covenant to surrender leased premises in a stipulated condition is limited to the reasonable costs of restoring the premises to that condition" (Solow Mgt. Corp. v Hochman, 191 AD2d 250, 251 [1st Dept 1993], lv dismissed 82 NY2d 802 [1993]; see also Chemical Bank v Stahl, 255 AD2d 126, 127 [1st Dept 1998]), absent a stipulation to such damages in the lease itself. Here, nothing in the relevant lease provisions provided for additional rent beyond the term of the lease as part of the damages for restoring the premises to the agreed upon condition. Nor is there a dispute that defendant tenant timely vacated the premises, and surrendered same to plaintiff landlord and that there were no rent arrears outstanding at the time of surrender. Thus, defendants would not be liable for use and occupancy, even if it were ultimately determined that tenant failed to comply with any removal obligations.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October [*2]12, 2021