■ 52 RIVERSIDE REALTY COMPANY, Respondent, v RITA EBENHART, Appellant.—Order, Appellate Term of the Supreme Court, First Department, entered October 31, 1983, which reversed the judgment of the Civil Court, New York County (Wilk, J.), entered after a jury trial on February 26, 1982, dismissing the petition in a summary holdover proceeding for nonpayment of rent, unanimously reversed, on the law, and the judgment of the Civil Court reinstated, without costs.

The limited issue presented on this appeal is whether Civil Court properly instructed the jury that an agreement between appellant tenant and petitioner landlord's predecessor waiving the payment of rent would bind petitioner. The facts are uncontroverted. Appellant Rita Ebenhart has been a rent-controlled tenant in apartment 2-B of the apartment building located at 52 Riverside Drive since 1957. She has not paid rent for approximately 10 years. The building has been sold several times pursuant to judicial and private sales during that period. Petitioner 52 Riverside Realty Company acquired the building on or about September 29, 1980 and commenced the instant summary proceeding for nonpayment of rent from September to December 1980.

Appellant litigated the trial before Judge Wilk and a jury

*pro se.* Her sole defenses were an alleged oral agreement made on March 20, 1974, with petitioner's predecessor-in-interest, Abraham Hirschfeld, and breach of the warranty of habitability. As proof that Hirschfeld agreed to waive the payment of rent until the building was electrically rewired, Ebenhart sought to introduce into evidence the transcript of a previous jury trial in Civil Court, New York County. There the jury rendered a verdict on August 29, 1977, dismissing the petition in another summary proceeding. The jury specifically found "that the breach of agreement made in March, 1974 disallows the collection of rent for the disputed period".

The trial court in the present case held the 1977 judgment immaterial, and ruled the transcript inadmissible. At the close of the evidence, the court also denied Ebenhart's request to instruct the jury essentially that petitioner was collaterally estopped from relitigating the existence of the agreement. The trial court propounded three interrogatories to assist the jury in reaching a verdict. Over the landlord's objection, the court charged the jury that petitioner "owned the building subject to any agreements made by its predecessors." The jury answered the first interrogatory concerning the existence of the alleged oral agreement in the affirmative, and reached no other issues.

The Appellate Term reversed the judgment, holding that the trial court's instruction was improper, given the absence of evidence on the record that respondent had actual or constructive knowledge that its predecessor had waived its right to payment of rent, citing *Tehan v Peters Print. Co.* (71 AD2d 101 [4th Dept 1979]). Accordingly, the court ordered a new trial solely on the defense of alleged breach of the warranty of habitability. This court granted appellant's motion for leave to appeal. Petitioner has not filed a brief herein.

It is well recognized in this State that the transferee of real property takes the premises subject to the conditions as to tenancy, including any waiver of rights, that his predecessor has established if the transferee has notice of the existence of the leasehold. *(Bank of N. Y. v Hirschfeld,* 37 NY2d 501 [1975]; 33 NY Jur, Landlord and Tenant, § 74; *see, Radcliffe Assoc. v Greenstein,* 274 App Div 277 [1st Dept 1948].) Moreover, possession of premises constitutes constructive notice to a purchaser of the rights of the possessor. *(Phelan v Brady,* 119 NY 587 [1890].) It is equally well accepted that a party is collaterally estopped from relitigating any issue necessarily determined in a prior proceeding which his predecessor-in-interest has had a full and fair opportunity to litigate.

(*Schwartz v Public Administrator of County of Bronx,* 24 NY2d 65 [1969].)

Applying these principles to the present case, appellant was entitled to invoke the doctrine of collateral estoppel. The 1977 Civil Court proceeding necessarily determined the existence of the oral agreement. Appellate Term erroneously concluded that the instruction given to the jury concerning the binding nature of the agreement was improper.

In concluding that the jury instruction misstated the law, the Appellate Term relied upon *Tehan v Peters Print. Co. (supra).* However, in *Tehan* the Fourth Department held that the new owners of a commercial building could rely upon the express provision of the lease for timely rent payment on the first of the month although their predecessor had waived strict compliance. The court declined to adhere to the general rule based upon the public policies favoring the certainty of contracts and the unencumbered alienability of title. The court similarly determined that equitable relief would be inappropriate since the lease was not unconscionable and the parties were not of unequal bargaining power.

Clearly, *Tehan (supra)* does not mandate a different result here. To the extent that it turns upon considerations of public policy unique to commercial real estate transactions it should be confined to its facts. In any event, *Tehan* is inapposite since petitioner here does not rely upon express lease terms. Equitable considerations in the present case favor appellant. Concur —Murphy, P. J., Carro, Milonas, Rosenberger and Ellerin, JJ.