■ CADLEROCK JOINT VENTURE II, L.P., Appellant, v ADCO EQUITIES, L.P., et al., Respondents. [703 NYS2d 40] —Order, Supreme Court, New York County (Edward Lehner, J.), entered June 2, 1999, granting defendants' motion for summary judgment dismissing the complaint and denying plaintiff's cross-motion to compel discovery, unanimously affirmed, without costs.

Defendants in this breach of contract action were the borrower and guarantor of a promissory note issued by National Westminster Bank, USA (NatWest). Defendants defaulted, and in 1991 the Supreme Court, New York County, issued an order granting summary judgment in favor of NatWest. The judgment was never entered, because defendants and NatWest negotiated a settlement in 1992. Defendants agreed that the judgment would be entered against them if they defaulted on the terms of the settlement.

Pursuant to the settlement, the parties executed a Restructuring Agreement to pay off the loan obligations, whereby defendants pledged to NatWest their 50% interest in two partnerships and the proceeds to be received therefrom until the amount of the loan was repaid. One of the partnerships, Battlement Mesa Realty Partners (Battlement), owned two apartment complexes called Willow Ridge Apartments and Willow Park Apartments, on which NatWest owned the underlying mortgage.

The record shows that in 1996, NatWest gave written consent to Battlement's conveyance (the First Conveyance) of the Willow Ridge Apartments to a newly-formed limited liability company, Willow Ridge Apartments L. L. C. (the Willow L. L. C.), to effectuate a refinancing. The Willow L. L. C. was made a co-maker on the underlying note securing the NatWest mortgage. Payments continued to be made on the mortgage as before.

NatWest subsequently transferred all its rights, title and interest in the defendants' loan agreements to The Cadle Company (Cadle). Cadle sent defendants a notice in 1997 that the First Conveyance violated the Restructuring Agreement, and demanded that they cure the default within 15 days. While advising Cadle that NatWest, its predecessor in interest, had consented to the First Conveyance, defendants caused the Willow L. L. C. to reconvey the Willow Ridge Apartments to Battlement (the Second Conveyance).

In July 1997, Cadle executed an assignment of its rights, title and interest in the defendants' loan agreements to plaintiff CadleRock Joint Venture II. The assignment agreement assigned CadleRock all of Cadle's rights under the 1991 NatWest judgment "[t]ogether with all the rights, remedies, incidents and appurtenances thereunto belonging, accrued or to accrue, or in anywise appertaining under said Judgment, and all the right, title, interest, estate, property, claim and demand whatsoever, of, in and to the same; together with the note, the bond or obligation described in the Judgment mentioned, and thereby intended to be secured, and the warrant of attorney to confess judgment thereto annexed, and all moneys due and to grow due therefrom, with interest".

CadleRock brought the instant action alleging that defendants had breached the Restructuring Agreement by making the First Conveyance. Defendants successfully moved for summary judgment on the grounds that plaintiff had no standing to enforce the loan obligations because the assignment of rights from Cadle was invalid. Defendants also alleged that there

was no default as a matter of law. The motion court agreed with both contentions. We affirm, but for somewhat different reasons.

The motion court mistakenly deemed the assignment to CadleRock invalid on the ground that the assignment agreement refers to a 1991 judgment whereas the court found no evidence that such a judgment was ever entered. However, it is evident from the expansive language of the assignment agreement that Cadle meant to transfer to plaintiff all of Cadle's rights against defendants flowing from the 1991 order that granted summary judgment. It is immaterial that entry of the judgment was postponed, conditional on defendants' compliance with the Restructuring Agreement.

While disagreeing with the motion court's conclusions as to standing, we affirm the dismissal of the complaint because, as the motion court also found, there is no factual issue as to defendants' default. The First Conveyance was approved in writing by plaintiff's predecessor NatWest, which estops CadleRock from calling it a breach (*52 Riverside Realty Co. v Ebenhart*, 119 AD2d 452 [assignee is bound by predecessor's waiver of rights]). Moreover, if there had been a breach, it would have been cured by the Second Conveyance, which restored the status quo before the end of the cure period. Accordingly, summary judgment was properly granted. Concur— Rosenberger, J. P., Williams, Rubin, Saxe and Buckley, JJ.