■ JAMAL LOGAN, Appellant, v BERNICE JOHNSON, Respondent. [825 NYS2d 242]—

In an action, inter alia, to compel specific performance of an option to purchase certain real property, the plaintiff appeals from a judgment of the Supreme Court, Nassau County (O'Connell, J.), dated December 16, 2005, which, upon an order of the same court dated May 11, 2005, in effect, granting that branch of the defendant's motion which was for summary judgment on her counterclaim to recover unpaid rent, is in favor of the defendant and against him in the principal sum of $100,500.

Ordered that the judgment is affirmed, with costs.

The only issue on this appeal is whether the Supreme Court properly determined that the plaintiff was liable to the defendant for unpaid rent.

When the plaintiff continued to reside at the defendant's premises through July 2004 after his written lease expired in July 1998, the provisions in the lease remained in force for as long as he remained in possession of the premises (*see City of New York v Pennsylvania R.R. Co.*, 37 NY2d 298, 300 [1975]; *Visken v Oriole Realty Corp.*, 305 AD2d 493, 494 [2003]; *McClenan v Brancato Iron & Fence Works*, 282 AD2d 722 [2001]). Despite having an option contract with the defendant to purchase the premises during a portion of the holdover period, a month-to-month tenancy was created when, upon holding over, the plaintiff paid and the defendant accepted the agreed-upon monthly rent of $1,500 for a number of months (*see* Real Property Law § 232-c; *Matter of Jaroslow v Lehigh Val. R.R. Co.*, 23 NY2d 991 [1969]; *2955 Shell Assoc. v Kayani*, 234 AD2d 287 [1996]; *Matter of Joyous Holdings v Volkswagen of Oneonta*, 128 AD2d 1002, 1003 [1987]). Accordingly, the plaintiff was obligated to pay rent for the entire time he was in possession of the premises, and the Supreme Court did not err in awarding the defendant the sum of $1,500 per month for the 67-month period during which the plaintiff did not pay rent (*see Northvale Prop. Assoc. v Osram Sylvania*, 300 AD2d 373 [2002]). Adams, J.P., Ritter, Mastro and Lifson, JJ., concur.