■ U.S. UNDERWRITERS INSURANCE COMPANY, as Subrogee of 200 East 69th Street, LLC, Respondent, v JAMES GREENWALD et al., Appellants. [918 NYS2d 35]—

With respect to dismissing the breach of contract cause of action for lack of standing, we reject defendants' contention that Greenwald entered into the lease for the apartment with the wife of a principal of the insured apartment owner in her individual capacity and that therefore plaintiff, as subrogee of the insured apartment owner, lacks privity with Greenwald or Corsell. The deeds tracing the chain of ownership of the apartment do not clearly establish that only Joseph Armato transferred his undivided interest in the property to the insured corporation (*see* CPLR 3211 [a] [1]). In any event, for purposes of Greenwald's lease, the insured and Josette Armato, who is Joseph Armato's spouse, would have been colessors (*see generally V.R.W., Inc. v Klein*, 68 NY2d 560, 563-566 [1986]; *Lawriw v City of Rochester*, 14 AD2d 13, 15 [1961], *affd* 11 NY2d 759 [1962]).

We also find no merit in Greenwald's contention that the breach of contract cause of action should have been dismissed because he was no longer a tenant at the time of the fire. The record shows that the landlord retained Greenwald's security deposit; that Greenwald continued to pay the rent for the apartment and the landlord accepted the payments; and that the loss of rent claim submitted by the insured to plaintiff states that Greenwald was the tenant of record at the time of the fire. These facts, particularly when corroborated by Joseph Armato's affidavit, counter the statements contained in the September 17, 2007 letter from Corsell to Josette Armato. Thus, issues of fact exist whether Greenwald was a guarantor of Corsell's tenancy or a holdover tenant subject to a month-to-month tenancy after September 15, 2007, with the same terms and conditions as are set forth in the original lease (*see* Real Property Law § 232-c; *City of New York v Pennsylvania R.R. Co.*, 37 NY2d 298, 300 [1975]; *Logan v Johnson*, 34 AD3d 758 [2006]).

Contrary to Greenwald's contention, the complaint sets forth all the elements of a negligence cause of action and apprises Greenwald of the acts intended to be proved (*see* CPLR 3013). Moreover, the evidence that Greenwald was dining at a restaurant outside the vicinity of the apartment building and was not observed near the apartment around the time of the fire does not conclusively establish that he played no part in causing the fire. Since Greenwald's whereabouts at the material time are likely to be predominantly within his and Corsell's knowledge, it would be premature to dismiss the negligence cause of action prior to discovery (*see Barrios v Boston Props. LLC*, 55 AD3d 339 [2008]).

We have considered defendants' remaining contentions and find them unavailing. Concur—Gonzalez, P.J., Tom, Andrias, Renwick and Abdus-Salaam, JJ.