# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1041**

**CA 11-02437**

PRESENT: CENTRA, J.P., FAHEY, PERADOTTO, CARNI, AND SCONIERS, JJ.

---

PEAK DEVELOPMENT, LLC, PLAINTIFF-APPELLANT,

V                                                    MEMORANDUM AND ORDER

CONSTRUCTION EXCHANGE AND CIEA,
DEFENDANTS-RESPONDENTS.

---

JUSTIN S. WHITE, WILLIAMSVILLE, FOR PLAINTIFF-APPELLANT.

PHILLIPS LYTLE LLP, BUFFALO (WILLIAM H. BAAKI OF COUNSEL), FOR
DEFENDANTS-RESPONDENTS.

-----------------------------------------------------------------------------------------------

Appeal from an order of the Supreme Court, Erie County (Timothy J. Walker, A.J.), entered July 5, 2011. The order, among other things, granted defendants' motion for summary judgment.

It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs, the motion is denied, and the complaint is reinstated.

Memorandum: Plaintiff commenced this action seeking damages arising from defendants' alleged breach of a commercial lease agreement. Specifically, plaintiff alleged that defendants failed to pay as "additional rent" its pro rata share of common area maintenance (CAM) charges consisting of snow removal, common area janitorial services, and lavatory maintenance. We agree with plaintiff that Supreme Court erred in granting defendants' motion for summary judgment dismissing the complaint.

We note at the outset that, when plaintiff purchased the property in June 2003, it took the property subject to the month-to-month tenancy with defendants governed by the lease and lease extension. After the expiration of the lease extension in October 1997, defendants became holdover tenants of plaintiff's predecessor subject to a month-to-month tenancy with the same terms and conditions set forth in the lease and lease extension (*see* Real Property Law § 232-c; *City of New York v Pennsylvania R.R. Co.*, 37 NY2d 298, 300-301; *U.S. Underwriters Ins. Co. v Greenwald*, 82 AD3d 411, 412; *Logan v Johnson*, 34 AD3d 758, 759). Plaintiff and defendants continued that month-to-month tenancy until April 1, 2006, when the terms of the letter lease became effective. We note in addition the well-established principle that "a successor-in-interest to real property takes the premises subject to the conditions as to the tenancy, including any waiver of rights, that [its] predecessor in title has established if the

successor-in-interest has notice of the existence of the leasehold and of the waiver" (*Tehan v Thos. C. Peters Print. Co.*, 71 AD2d 101, 104; *see Bank of N.Y., Albany v Hirschfeld*, 37 NY2d 501, 505-506; *52 Riverside Realty Co. v Ebenhart*, 119 AD2d 452, 453). It is undisputed that plaintiff had notice of the leasehold with defendants and, in any event, possession of the premises constitutes constructive notice to a purchaser of the rights of the possessor (*see Tehan*, 71 AD2d at 104).

With respect to defendants' motion, we conclude that defendants failed to meet their burden with respect to the breach of contract cause of action inasmuch as they failed to establish that they did not breach the terms of the lease and lease extension. It is well established that, in interpreting a written contract, we should " 'give effect to the intent of the parties as revealed by the language and structure of the contract, and should ascertain such intent by examining the document as a whole . . . Moreover, the contract must be interpreted so as to give effect to, not nullify, its general or primary purpose' " (*Niagara Frontier Transp. Auth. v Euro-United Corp.*, 303 AD2d 920, 921, *amended on rearg* 306 AD2d 952; *see generally Matter of Wallace v 600 Partners Co.*, 86 NY2d 543, 548). Here, the express terms of the lease provided that monthly rent includes a base rent amount as well as additional rent consisting of defendants' share of taxes and insurance, and the CAM charges. The CAM charges were to be "pro-rated on a monthly basis according to the amount of space occupied by [defendants] to the total building space." In support of their motion, defendants submitted, inter alia, the lease, the lease extension, and an affidavit from defendant CIEA's executive vice president, who averred that defendants paid no CAM charges to plaintiff's predecessor between September 1987 and October 1997. To the extent that defendants contend that plaintiff waived the right to collect such charges because plaintiff's predecessor did not collect CAM charges under the lease and lease extension (*see Radcliffe Assoc., Inc. v Greenstein*, 274 App Div 277, 278), we note that the lease contains a "no waiver" clause. Although the existence of such a clause does not, by itself, preclude waiver of a contractual right, the issue whether waiver has occurred is generally one of fact (*see Dice v Inwood Hills Condominium*, 237 AD2d 403, 404) and, here, defendants failed to establish as a matter of law that plaintiff's predecessor waived his entitlement to CAM charges.

We further conclude that defendants failed to meet their burden of establishing their entitlement to summary judgment dismissing the unjust enrichment cause of action inasmuch as they failed to establish that they had not "received money or a benefit at the expense of" plaintiff (*City of Syracuse v R.A.C. Holding*, 258 AD2d 905, 906). Defendants' contention that the unjust enrichment cause of action is time-barred is raised for the first time on appeal and thus is not properly before us (*see Ciesinski v Town of Aurora*, 202 AD2d 984, 985).

Entered:  November 9, 2012                    Frances E. Cafarell
                                              Clerk of the Court