# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

516

CA 12-01970

PRESENT: SMITH, J.P., FAHEY, CARNI, SCONIERS, AND WHALEN, JJ.

---

VINCENT D. IOCOVOZZI, PLAINTIFF-APPELLANT,

V                                                    MEMORANDUM AND ORDER

BONNETTE IOCOVOZZI, DEFENDANT-RESPONDENT.

---

AUDREY BARON DUNNING, ILION, FOR PLAINTIFF-APPELLANT.

LEVITT & GORDON, ESQS., NEW HARTFORD (DEAN L. GORDON OF COUNSEL), FOR DEFENDANT-RESPONDENT.

-----------------------------------------------------------------------------------

Appeal from an order and judgment (one paper) of the Supreme Court, Herkimer County (Erin P. Gall, J.), dated August 10, 2012. The order and judgment granted the motion of defendant for a judgment determining that the parties' prenuptial agreement was void.

It is hereby ORDERED that the order and judgment so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff appeals from an order and judgment granting defendant's motion for summary judgment determining that the parties' prenuptial agreement (agreement) was void, based on the allegation in defendant's first affirmative defense that the agreement was unenforceable due to plaintiff's failure to provide her with relocation expenses pursuant to the terms of the agreement. Contrary to plaintiff's contentions, the demand by defendant for relocation expenses was not defective, notwithstanding a typographical error in the demand letter, nor did the demand fail to comply with the procedures outlined in the agreement. The demand letter was sent to plaintiff's attorney, and it contained sufficient information to put plaintiff on notice of defendant's demand. Plaintiff's further contention that defendant's demand was untimely is raised for the first time on appeal and is thus not properly before this Court (*see Ciesinski v Town of Aurora*, 202 AD2d 984, 985). Finally, we reject plaintiff's contention that the court erred in voiding the agreement in its entirety based on his breach of one provision, i.e., the provision concerning relocation expenses. Inasmuch as plaintiff willfully refused to pay for defendant's relocation expenses pursuant to the agreement, he cannot now seek to enforce the remainder of the agreement (*see generally Duryea v Bliven*, 122 NY 567, 570-571; *Blumberg v Blumberg*, 117 NYS2d 906, 909, *affd* 280 App Div 986; *Birnbaum v Birnbaum*, 70 Misc 2d 462, 464).

Entered: June 7, 2013

Frances E. Cafarell
Clerk of the Court