# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**375**
**CA 14-01460**
PRESENT: CENTRA, J.P., PERADOTTO, LINDLEY, AND DEJOSEPH, JJ.

---

IN THE MATTER OF THE TOROK TRUST,
PETITIONER-RESPONDENT,

V                                              OPINION AND ORDER

TOWN BOARD OF TOWN OF ALEXANDRIA, TOWN OF
ALEXANDRIA, TOWN OF ALEXANDRIA BOARD OF
ASSESSMENT REVIEW AND ASSESSOR OF TOWN OF
ALEXANDRIA, RESPONDENTS.
-------------------------------------------------
ALEXANDRIA CENTRAL SCHOOL DISTRICT, APPELLANT.

---

O'HARA, O'CONNELL & CIOTOLI, FAYETTEVILLE (STEPHEN CIOTOLI OF
COUNSEL), FOR APPELLANT.

ANTONUCCI LAW FIRM, LLP, WATERTOWN (DAVID P. ANTONUCCI OF COUNSEL),
FOR PETITIONER-RESPONDENT.

---

Appeal from an order of the Supreme Court, Jefferson County (James P. McClusky, J.), entered March 26, 2014 in a proceeding pursuant to RPTL article 7. The order directed the Alexandria Central School District to make a tax refund to petitioner.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Opinion by CENTRA, J.P.:

In July 2007, petitioner commenced a tax certiorari proceeding pursuant to Real Property Tax Law article 7 seeking to reduce the assessment on its property for 2007. The Alexandria Central School District (District), the appellant herein, was served but did not intervene in the proceeding. Petitioner and respondents reached an agreement in December 2008 to reduce the assessment on the property for the 2007 tax year. In a stipulation of settlement and order entered January 2009, the parties agreed that RPTL 727 would apply to the settlement, and provided that, if petitioner had paid any taxes and/or special ad valorem levies prior to the issuance of the order, a tax and/or special ad valorem levy refund, based on the reduced assessment, would be made by the District for the 2007-2008 school tax year. The District issued a refund to petitioner for the 2007-2008 school tax year, but did not issue any refund for the 2008-2009 school tax year. Petitioner moved to compel the District to issue a refund for that school tax year, and the District opposed the motion on the

ground that petitioner never commenced a tax certiorari proceeding for the 2008 tax year. Supreme Court granted the motion, and we now conclude that the order should be affirmed.

The District, relying on *Matter of Scellen v Assessor for City of Glens Falls* (300 AD2d 979), contends that, because petitioner did not commence a tax certiorari proceeding challenging the 2008-2009 assessment, it cannot obtain a refund for any overpayments for that year. In *Scellen*, the Third Department held that the petitioner was required to challenge the assessed valuations of her properties while her earlier challenge was pending and, having failed to do so, could not obtain relief by relying on RPTL 727 (1) (*id.* at 980-981). In our view, the plain language of RPTL 727 (1) and the legislative history of that statute supports the conclusion that petitioner is entitled to the relief sought here, and we therefore decline to follow *Scellen*.

RPTL 727 (1) provides in relevant part that, "[e]xcept as hereinafter provided, . . . where an assessment being reviewed pursuant to this article is found to be unlawful, unequal, excessive or misclassified by final court order or judgment, the assessed valuation so determined shall not be changed for such property for the next three succeeding assessment rolls prepared on the basis of the three taxable status dates next occurring on or after the taxable status date of the most recent assessment under review in the proceeding subject to such final order or judgment. Where the assessor or other local official having custody and control of the assessment roll receives notice of the order or judgment subsequent to the filing of the next assessment roll, he or she is authorized and directed to correct the entry of assessed valuation on the assessment roll to conform to the provisions of this section."

We must first examine "the plain language of the statute[] as the best evidence of legislative intent" (*Matter of Malta Town Ctr. I, Ltd. v Town of Malta Bd. of Assessment Review*, 3 NY3d 563, 568). The statute imposes a three-year freeze of the assessment where an order or judgment is issued determining that the assessment is unlawful, unequal, excessive, or misclassified (*see id.*). Where, as here, there is a stipulation between the parties agreeing to a lower assessment, the stipulation has the same effect as a judicial determination that the assessment is unlawful, unequal, excessive, or misclassified (*see Matter of Rosen v Assessor of City of Troy*, 261 AD2d 9, 12). The three-year freeze applies to the "next three succeeding assessment rolls" from the "date of the most recent assessment under review" (RPTL 727 [1]). Here, the assessment under review was the 2007 tax year, and therefore the next three succeeding assessment rolls, i.e., from 2008 through 2010, must have that same assessment. The second sentence of RPTL 727 (1), which was added a few years after the statute was enacted, specifically addresses the situation in which the assessor receives the order or judgment after the next assessment roll has already been filed. In that case, the assessor is directed to correct the assessed valuation "to conform to" the requirements of RPTL 727. Once the assessment has been corrected, the property owner may make an application for a refund (*see* RPTL 726 [1] [c]). Therefore, the application of RPTL 727 (1) in this case resulted in an

automatic reduction in the assessment for the 2008-2009 school tax year, without the need for any filing of a tax certiorari proceeding by petitioner.

We further conclude that the legislative history of the statute supports petitioner's position that it is not barred from seeking a refund here.  The intent of RPTL 727 was to reduce the need for repeated litigation in challenging tax assessments (*see* Governor's Approval Mem, Bill Jacket, L 1995, ch 693 [stating that, "by locking in the judicially-reduced assessments on most properties for the following three tax years, the bill will spare all parties the time and expense of repeated court intervention"]; Sponsor's Mem, Bill Jacket, L 1995, ch 693 ["taxpayers who are successful in obtaining reductions in assessments frequently have those assessments increased to pre-judicially determined levels the succeeding year.  Even more disturbing is the fact that this pattern sometimes becomes an annual event, forcing the taxpayer to seek judicial review each and every year.  This proposal would prohibit changes in assessed value for three years following assessment reductions ordered in tax certiorari proceedings (except under certain circumstances that are not relevant here)"]; *see also Rosen*, 261 AD2d at 12 [The purpose "was to prevent assessing units from increasing judicially reduced assessments in succeeding years, to prevent taxpayers from perpetually challenging their assessments . . . and to 'spare all parties the time and expense of repeated court intervention' "]).  Indeed, "[w]here a dispute over valuation has been resolved by court order, both the town and the taxpayer should be allowed to rely on that resolution for a reasonable period of time" (*Malta Town Ctr. I, Ltd.*, 3 NY3d at 573 [Smith, J., dissenting]).

The District's contentions that requiring it to issue a refund would amount to an unconstitutional gift of public money, and that it cannot stipulate to a requirement that is barred by the constitution and case law, are without merit inasmuch as there *is* a legal basis for the School to issue the refund:  RPTL 727 (1).  The District's further contention that petitioner's request for a refund is time-barred under RPTL 726 (1) (c) is raised for the first time on appeal and is therefore not properly before us (*see Iocovozzi v Iocovozzi*, 107 AD3d 1438, 1438-1439; *Peak Dev., LLC v Construction Exch.*, 100 AD3d 1394, 1396; *see generally Ciesinski v Town of Aurora*, 202 AD2d 984, 985).

In sum, requiring petitioner here to commence a tax certiorari proceeding for the 2008-2009 school tax year would go against "[t]he interest in reduced litigation contemplated by the statutory respite period" (*Malta Town Ctr. I, Ltd.*, 3 NY3d at 569).  Accordingly, we conclude that the court properly granted petitioner's motion seeking a refund of tax overpayments it made to the District for the 2008-2009 school tax year.

Entered:  March 27, 2015                         Frances E. Cafarell
                                                 Clerk of the Court