■ HALLMARK CAPITAL CORPORATION, Appellant, v ADRIAN H. COURTENAY, III, Defendant, and MILL HOLLOW CORPORATION, Respondent. [32 NYS3d 486]—

Order, Supreme Court, New York County (Kathryn Freed,

J.), entered March 2, 2015, which, to the extent appealed from as limited by the briefs, granted the corporate defendant's motion to confirm the dismissal of all claims as against the individual defendant by this Court in a prior appeal, unanimously modified, on the law, to deny the motion with respect to the claim for unpaid monthly retainer fees, and otherwise affirmed, without costs.

As the corporate defendant was wholly owned by the individual defendant, and the two had been represented in this case by the same counsel for some 15 years, there is no issue as to the corporate defendant's authority to seek dismissal on behalf of the individual defendant (*see U.S. Underwriters Ins. Co. v Greenwald*, 31 Misc 3d 1206[A], 2010 NY Slip Op 52394[U], *5-6 [Sup Ct, NY County 2010], *affd* 82 AD3d 411 [1st Dept 2011]). The order issued by the motion court before the case was assigned to the trial court did not bar the trial court from determining whether this Court's order in a prior appeal (52 AD3d 277 [1st Dept 2008]) had dismissed all claims as against the individual defendant. The motion court's ruling could not alter this Court's order (*see generally People v Evans*, 94 NY2d 499, 503-504 [2000] [discussing law of the case doctrine]). Nevertheless, the trial court misread our order. We modified the dismissal of the complaint by reinstating the claim for retainer fees, which was asserted against both defendants. The reference to the "corporate defendant" in the text of the order did not alter that decree. It was a shorthand reference to the terms of the parties' agreement as defined therein. Concur—Friedman, J.P., Sweeny, Webber and Gesmer, JJ.