W54-7 LLC v Perrin (2020 NY Slip Op 02864)





W54-7 LLC v Perrin


2020 NY Slip Op 02864


Decided on May 14, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 14, 2020

Richter, J.P., Oing, Singh, Moulton, JJ.


11499 161212/18

[*1] W54-7 LLC, Plaintiff-Appellant,
v
Christopher Scott Perrin also known as Scott Perrin, et al., Defendants-Respondents, John Doe, et al., Defendants.


Hertz, Cherson & Rosenthal, P.C., Forest Hills, (Jeffrey M. Steinitz of counsel), for appellant.
David Ng & Associates, PLLC, New York (David Ng of counsel), for respondents.



Order, Supreme Court, New York County (Lynn R. Kotler, J.) entered August 1, 2019, which granted defendants' motion for summary judgment, unanimously affirmed, with costs.
The motion court properly determined that plaintiff's claims were precluded under principles of res judicata and collateral estoppel by the 1984 order of the New York City Civil Court, New York County (Emily Jane Goodman, J.), in which it was determined that defendant Scott Perrin's father, Forrest Perrin, was the tenant of both apartments, which were intended to be occupied jointly as a single residence, and because the factors for determining whether nonadjacent apartments may be occupied as a single residence were otherwise satisfied (see Sharp v Melendez ,139 AD2d 262 [1st Dept 1988], lv denied 73 NY2d 707 [1989]).
Contrary to plaintiff's contentions, there were no facts presented to the motion court that would constitute a change in circumstances or a basis for holding that plaintiff was not in privity with the prior landlord to bar "redundant litigation" under the doctrine of res judicata (Gramatan Home Invs. Corp. v Lopez , 46 NY2d 481, 485 [1979]) or collateral estoppel (52 Riverside Realty Co. v Ebenhart , 119 AD2d 452, 453 [1st Dept 1986]). Similarly, plaintiff cannot deny constructive notice of Scott Perrin's rights as an occupant of the apartments from before plaintiff purchased the building in 1995, particularly given that plaintiff recognized that Perrin properly succeeded to the tenancy of both apartments in 2014 (id. at 453; see also Stasyszyn v Sutton E. Assoc. , 161 AD2d 269, 272 [1st Dept 1990]).
Although plaintiff suggests that discovery of a multitude of public records is necessary to the disposition of this case, it fails to identify how any of these records would affect the right of a statutory tenant to occupy the joint apartments with his wife and her sister under Real Property Law (RPL) § 235-f.
The motion court properly awarded defendants their legal fees as the prevailing parties under the reciprocal provisions of RPL § 234. Although styled as a declaratory judgment action, plaintiff specifically seeks the right to bring summary eviction proceedings and to collect its own [*2]attorneys' fees in the action, and we do not view the choice of forum as a basis to deny a right under the lease (see Matter of Duell v Condon , 84 NY2d 773, 780 [1995]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 14, 2020
CLERK