■ LORDAE REALTY CORP., Respondent, v MONTEFIORE MEDICAL CENTER, Appellant. [648 NYS2d 598] —Order, Supreme Court, Bronx County (Stanley Green, J.), entered July 17, 1995, which, insofar as appealed from, denied defendant tenant's motion for summary judgment dismissing plaintiff landlord's second cause of action for holdover rent, unanimously affirmed, without costs.

Defendant, a medical facility, allegedly removed itself from leased premises, leaving behind equipment and fixtures that it did not dispose of until some five months later. Under the second cause of action, plaintiff seeks to hold defendant liable for rent as a holdover for that five-month period, but, on defendant's motion for summary judgment, the IAS Court found an issue of fact as to whether defendant "continued to use the premises as a storage facility or otherwise" after ceasing to occupy the premises for business purposes. We agree. The question of whether the leaving by the tenant of property on the leased premises after expiration of the lease constitutes a holding over "is usually a question of fact, to be determined by taking into consideration the nature of the property leased; the amount paid as rent, the value of the real property, the value of the personal property left on the leased premises, the intent with which it was left, and all the other facts and circumstances surrounding the transaction" (*Canfield v Harris & Co.*, 222 App Div 326, 329, *affd* 248 NY 541; *Mott Pipe & Supply Corp. v Blue Ridge Coal Corp.*, 208 Misc 601). The conflicting affidavits of the parties as to such matters preclude summary judgment. Concur—Rosenberger, J. P., Wallach, Kupferman, Nardelli and Mazzarelli, JJ.