850 Third Ave. Owner, LLC v Discovery Communications, LLC (2022 NY Slip Op 03171)





850 Third Ave. Owner, LLC v Discovery Communications, LLC


2022 NY Slip Op 03171


Decided on May 12, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 12, 2022

Before: Gische, J.P., Scarpulla, Mendez, Shulman, Higgitt, JJ. 


Index No. 654148/20 Appeal No. 15936 Case No. 2021-02182 

[*1]850 Third Avenue Owner, LLC, Plaintiff-Appellant,
v
Discovery Communications, LLC, Defendant-Respondent.


Schlam Stone & Dolan LLP, New York (Joshua Wurtzel of counsel), for appellant.
Sills Cummis & Gross P.C., New York (Mitchell D. Haddad of counsel), for respondent.



Order, Supreme Court, New York County (Barry R. Ostrager, J.), entered on or about March 22, 2021, which denied plaintiff's motion for summary judgment on its claims and to dismiss the counterclaims pursuant to CPLR 3211, unanimously modified, on the law, to dismiss the fifth through seventh counterclaims, and otherwise affirmed, without costs.
In this action for unpaid rent/holdover rent under a now expired lease, defendant's argument that summary judgment was properly denied because plaintiff submitted the pleadings only by way of a supplemental affirmation is unavailing (see Washington Realty Owners, LLC v 260 Wash. St., LLC, 105 AD3d 675 [1st Dept 2013] [summary judgment can be granted when complete set of pleadings is available from all the materials submitted]).
Nevertheless, plaintiff's summary judgment motion was properly denied on the merits. Assuming, arguendo, that lease section 25, which requires the defendant to remove its property within five days of lease termination, applies to the expiration (as opposed to the termination) of the lease, defendant has a colorable defense that section 26.03 (the force majeure provision) extended its time to remove its property. That section includes "other causes beyond the reasonable control of the performing party." We note that the Second Circuit has recently held that "the COVID-19 pandemic and the orders issued by New York's governor that restricted how nonessential businesses could conduct their affairs during the pandemic constituted 'circumstances beyond our or your reasonable control'" under a contractual force majeure clause (JN Contemporary Art LLC v Phillips Auctioneers LLC, 29 F4th 118, 123-124 [2d Cir 2022]).
Even if the executive orders put in place because of the COVID-19 pandemic do not constitute "other causes beyond the reasonable control of the performing party" under section 26.03 of the lease that section also excuses timely performance due to "shortages of labor." Defendant has adequately raised an issue of fact as to whether commercial movers were prohibited from moving its personal property from the premises during the period when it was required to do so.
Assuming section 26.03 does not apply at all, "[t]he question of whether the leaving by the tenant of property on the leased premises after expiration of the lease constitutes a holding over is usually a question of fact" (Lordae Realty Corp. v Montefiore Med. Ctr., 232 AD2d 338 [1st Dept 1996] [internal quotation marks omitted]). Moreover, denial of summary judgment was also proper due to outstanding discovery (see e.g. Colicchio v Port Auth. of N.Y. & N.J., 246 AD2d 464, 465 [1st Dept 1998]).
As plaintiff acknowledges, the first and fourth counterclaims relate to the same issues raised by plaintiff's claims, and, because we are affirming the denial of plaintiff's motion for summary judgment on its claims, we likewise affirm the denial of plaintiff's motion to dismiss those counterclaims. With respect to the eighth [*2]counterclaim (for costs and expenses pursuant to section 26.02 of the lease), the prevailing party has yet to be identified.
The second and third counterclaims seek declarations. "[I]n declaratory judgment actions . . . on a motion to dismiss the complaint for failure to state a cause of action, the only question is whether a proper case is presented for invoking the jurisdiction of the court to make a declaratory judgment, and not whether the plaintiff is entitled to a declaration favorable to him" (Law Research Serv. v Honeywell, Inc., 31 AD2d 900, 901 [1st Dept 1969]).
However, the fifth counterclaim (for conversion) should have been dismissed as duplicative of the fourth (for breach of the lease) (see Sebastian Holdings, Inc. v Deutsche Bank AG., 108 AD3d 433 [1st Dept 2013]). The sixth counterclaim (for money had and received) and the seventh (for unjust enrichment), which are both quasi contract claims, should have also been dismissed, as they "cover[] the same subject matter as the express contract [between] the parties" (id.). THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 12, 2022